**Order entered May 29, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01677-CR

**MELVIN CELESTINE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F08-61495-I**

## ORDER

In his first issue on appeal, appellant contends that he is entitled to a new trial because the record of the original plea hearing has either not been filed with this Court or has been lost or destroyed. We note that there has been no finding from the trial court that the record of the original plea hearing has been lost or destroyed, nor did appellant raise that issue in a motion prior to filing his brief.

Accordingly, on the Court's own motion, we **ORDER** the trial court to make findings regarding whether the record can be supplemented with the record of the March 27, 2009 hearing. *See* TEX. R. APP. P. 34.6(f). Specifically, the trial court shall determine the following:

- Whether the March 27, 2009 plea hearing was recorded.

- If the trial court determines the hearing was not recorded, the trial court shall determine whether the parties waived the recording of the hearing.

- If the hearing was recorded, the trial court shall determine the name and contact information of the court reporter who recorded the March 27, 2009 hearing.

- The trial court shall next determine whether the notes of the March 27, 2009 hearing are available and can be transcribed, and, if so, the date by which the record of the March 27, 2009 hearing can be filed with this Court.

- If the trial court determines that the notes of the March 27, 2009 hearing are not available or cannot be transcribed, the Court shall determine whether appellant is at fault for the loss or destruction of the notes and whether the parties can agree on a substituted record.

We **ORDER** the trial court to transmit a supplemental record containing its written findings of fact, any orders, and any supporting documentation to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    DAVID EVANS
       JUSTICE